**Richmond.**

ANDERSON v. HYGEIA HOTEL COMPANY.

MARCH 12, 1896.

1. LIMITATIONS—*Actions for Personal Injuries.*—An action to recover
   damages for personal injuries caused by the wrongful act, neglect, or
   default of any person or corporation must be brought within one
   year from the time such injury was inflicted.
2. APPELLATE COURT—*Writs of Error, How Disposed of.*—Writs of error
   in the Court of Appeals must be disposed of in accordance with the
   law as it existed at the time of the rendition of the judgment com-
   plained of. If, as the law then stood, there is no error in the judg-
   ment, it must be affirmed, but, if erroneous, it must be reversed, and
   such judgment entered as the lower court ought to have entered.

Error to a judgment of the Circuit Court of Elizabeth City
county; rendered September 13, 1893, in an action of trespass
on the case, wherein the plaintiff in error was the plaintiff,
and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Burroughs & Brother* and *Borland & Wilcox*, for the
plaintiff in error.

*A. S. Segar, Thomas Tabb*, and *Robert M. Hughes*, for the
defendant in error.

RIELY, J., delivered the opinion of the court.

The plaintiff was injured by falling into an open pit filled

with hot oil, which was on the premises of the defendant company, and brought suit to recover damages for the injuries he had sustained. The accident happened on January 12, 1892; the suit was not instituted until June, 1893.

The defendant pleaded the statute of limitations; the plaintiff demurred to the plea; and the court overruled the demurrer and gave judgment for the defendant. The correctness of the ruling of the court depends upon the construction of section 2927 of the Code, which is as follows:

"Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

The determination of the question whether the limitation of *five* years or of *one* year applies in this case necessitates an inquiry as to what actions terminate with the life of the person. It was a rule of the common law that if an injury was done either to the person or the property of another, for which damages only could be recovered in satisfaction, the action therefor died with the person to whom or by whom the wrong was done. "In actions merely personal," says Blackstone, "arising *ex delicto*, for wrongs actually done or committed by the defendant, as trespass, battery, and slander, the rule is that *actio personalis moritur cum persona;* and it never shall be revived either by or against the executors or other representatives." Book III., page 302. See also Broom's Legal Maxims 874; Lomax on Ex'ors (2d ed.) 470; and 4 Minor's Institutes, Pt. I., 703.

Certain innovations have by degrees been made by statutes upon this rule, which have considerably altered it. The statute of 4 Ed. III., ch. 7, gave to executors an action for goods and chattels of their testators carried away in their

lifetime; and, this being a remedial law, was liberally con-
strued. The Legislature of Virginia early repealed the Eng-
lish statutes, and enacted in their place a similar statute, to
be found in I. Revised Code of 1819, ch. 104, sec. 64. And
it is now provided that a personal representative may sue or
be sued " for the taking or carrying away any goods, or the
waste or destruction of, or damage-to, any estate of or by his
decedent." Section 2655 of the Code.

But while the rule of the common law has been much re-
stricted and limited by statutes, both in England and in this
country, and the right to sue for an injury done to the *pro-
perty* or *estate* of the decedent in his lifetime has been con-
ferred on the personal representative of the deceased, the rule
has not been altered in this State in respect of an injury done
to the *person*. An action for an injury to the *person* still, as
at common law, dies with the person, and no right of action
for such injury *survives* to his personal representative.
Therefore, for an injury to the person, the action must, under
the provisions of section 2927 of the Code, be brought within
one year from the time the right of action accrues, which is
the time when the injury was sustained.

It is sought to take this case out of the rule of the common
law by virtue of the provisions of sections 2902 and 2903 of the
Code, whereby it is provided that " whenever the death of a
person shall be caused by the wrongful act, neglect, or default
of any person or corporation, or of any ship or vessel, and the
act, neglect, or default is such as would (if death had not en-
sued) have entitled the party injured to maintain an action,
or to proceed *in rem* against said ship or vessel, or *in personam*
against the owners thereof or those having control of her,"
the person who, or corporation or ship which, would have
been liable, if death had not ensued, shall be liable to an ac-
tion for damages; and that every such action shall be brought
by and in the name of the personal representative of such

deceased person, and within twelve months after his or her death. The jury in any such action may award such damages as to it may seem fair and just, not exceeding ten thousand dollars, and may direct in what proportion they shall be distributed to the wife, husband, parent, and child of the deceased. It is further provided that the amount recovered shall, after the payment of costs and attorneys' fees, be paid to the wife, husband, parent, and child of the deceased, in such proportion as the jury may have directed, or, if they have not directed, according to the statute of descents and distributions, and " shall be free from all debts and liabilities of the deceased," except where there are no such kindred, in which case they shall become assets of the estate.

It is further provided by section 2906 of the Code that " the right of action under sections 2902 and 2903 shall not determine, nor the action, when brought, abate, by the death of the defendant, or the dissolution of the corporation when a corporation is the defendant; and where an action is brought by a party injured for damage caused by the wrongful act, neglect, or default of any person or corporation, and the party injured dies pending the action, and his death is caused by such wrongful act, neglect, or default, the action shall not abate by reason of his death, but, his death being suggested, it may be revived in the name of his personal representative, and the declaration and other pleadings shall be amended so as to conform to an action under sections 2902 and 2903, and the case proceeded with as if the action had been brought under the said sections."

It is claimed, and earnestly contended in argument, that the effect of these statutes is to cause the right of action for an injury to the person, which is produced by the wrongful act, neglect, or default of another, and death is the result of such injury, to survive, and to alter, in such case, the rule of the common law, that an action for an injury to the person dies

with the person; so that the limitation upon the right of
action in the case at bar would be, under the provisions of
section 2927 of the Code, five years, and not one year. This
is, however, a mistaken view.

No action at law being maintainable against a person who,
by his wrongful act, neglect, or default, may have caused the
death of another person, the British Parliament in 1846
passed what is commonly known as " Lord Campbell's Act,"
which was entitled, " An act for compensating the families of
persons killed by accidents." The Virginia act (secs. 2902–
2906 of the Code) is modeled upon Lord Campbell's Act,
and, in its essential features, is substantially the same.

The language of the act clearly indicates that the Legisla-
ture had in view the rule of the common law; and that its
purpose in passing the act was to provide for the case of an
injured person, who had a good cause of action, but died
from injuries without having recovered his damages. It is
intended to withdraw from the wrong-doer the immunity
from civil liability which the rule of the common law
afforded him, and to provide for the recovery of such damages,
notwithstanding the death of the injured person. In so
doing, however, it plainly did not intend to continue or cause
to survive his right of action for the injury, but to substitute
for it and confer upon his personal representative a new and
original right of action. *Blake* v. *R. Co.*, 83 E. C. L. 93;
*Pym* v. *R. Co.*, 116 E. C. L. 396; *Read* v. *R. Co.*, 18 L. T.
(N. S.) 822; *Griffiths* v. *Earl of Dudley*, 9 Q. B. Div. 357;
*Seward* v. *Vera Cruz*, 10 Appeal Cases, L. R. 59; *Martin* v.
*B. & O. R. R. Co.*, 151 U. S. 673, 696; *Jeffersonville R.
Co.* v. *Swayne's Adm'r*, 26 Ind. 459; *Burns* v. *R. Co.*, 113
Ind. 169; *Hulbert* v. *City of Topeka*, 34 Fed. Rep. 510;
*Legg* v. *Britton*, 24 Atl. Rep. 1016; *Whitford* v. *Panama
R. Co.*, 23 N. Y. 465; *Littlewood* v. *Mayor, &c.*, 89 N. Y.
27; *Hegerich* v. *Keddie*, 99 N. Y. 258; and Tiffany's Death
by Wrongful Act, sec. 23.

It is very clear that this new right of action, though founded upon a wrong already actionable by existing law in favor of an injured person for his damages, was not intended to be, and is not, a derivative one. A brief consideration of the general principles of the act will demonstrate the correctness of this view.

Where the right of action, which the deceased person had in his lifetime, survives, his personal representative sues as the legal owner of the personal estate which has passed to him in course of law, and the recovery is for the benefit of and constitutes assets of the estate of the decedent, with the consequent liability for the payment of his debts.

The right of action of the personal representative is the same that was possessed by the deceased in his lifetime. It proceeds on the same principles, is sustained by the same evidence, and the measure of recovery is the same.

But very different is the right of action given by the act in question.

The act requires the suit to be brought by and in the name of the personal representative, but he by no means sues in his general right of personal representative. He sues wholly by virtue of the statute and in respect of a different right. His suit proceeds on different principles. He sues not for the benefit of the estate, but primarily and substantially as trustee for certain particular kindred of the deceased, who are designated in the statute.

If the effect of the statute is, as was contended, to cause the right of action of the injured person to survive, the suit by his personal representative would be to recover damages for the injury the deceased had sustained and the detriment caused to his estate. The same kind of evidence would be necessary and admissible to support the action that would be proper if the injured person himself were suing. There would be the same elements of damage for the consideration

of the jury in assessing the damages. The evidence would mainly relate to and the damages be for the physical and mental suffering of the deceased and the injury and loss generally sustained by him and his estate. But in a suit by the personal representative under the statute, the evidence would primarily relate to and the damages be not only for the pecuniary loss the wife, husband, parent, or child, as the case might be, had sustained, but it would be proper for the jury, in computing the damages, to take also into consideration the grief and mental anguish of such relatives, and their loss in being deprived of the care, attention, and society of the deceased, and to include therefor in the verdict such sum as the jury might deem fair and just. *B. & O. R. R. Co.* v. *Noel's Adm'r*, 32 Gratt. 394, and *Matthews* v. *Warner's Adm'r*, 29 Gratt. 570.

The limit of recovery, too, is different. In the one case the amount of recovery is limited only by the amount of the loss that may be proved ; in the other, the recovery cannot in any case exceed ten thousand dollars.

Then again : If the action were only a survival of the right of action of the injured person, the recovery would constitute assets of his estate and be subject to the payment of his debts ; whereas it is expressly declared by the statute that the amount recovered under the statutory right of action, except where there are no such kindred as are designated by the statute, shall be " free from all debts and liabilities "

And further : It·was not any more intended by section 2906 than by sections 2902 and 2903, nor has it any more effect, to cause the right of action of the injured person to survive, within the meaning of section 2927.

It is the right of action given by sections 2902 and 2903 to the *personal representative* of the injured person that the first clause of section 2906 causes to survive upon the death of the wrong-doer, if he be a person, or the dissolution of the

corporation, if the wrong-doer be a corporation, and not the right of action which the injured person had in his lifetime. The section contains no provision for the survival of his right of action in such event. That determines either with his own death or the death of the wrong-doer.

The residue of section 2906 was simply intended to prevent delay and save the trouble and expense of a new suit, when all these had already been incurred by the injured person, who had brought his suit and died before recovering his damages. But for section 2906 all the delay, cost, and expense which he had incurred in his lifetime in bringing and maturing his suit for trial would be useless, and incurred in vain if he died before the trial, but without precluding the right of his personal representative to bring a new suit within twelve months after his death for the same cause of action, and recovering such damages therefor as to the jury might seem fair and just, not exceeding the limit fixed by the statute. This provision of section 2906 was wisely enacted to prevent the estate of the decedent from being unjustly mulcted with costs, and to facilitate a recovery for the injury.

Sufficient has been said to show that the act does not affect the rule of the common law, and does not cause to survive, within the meaning of section 2927, the right of action for an injury to the person by the wrongful act, neglect, or default of another. Such right of action still, as at common law, dies with the person, and the limitation of one year applies in such case. *Curry* v. *Town of Mannington*, 23 West Va. 14; *Flint* v. *Griffin*, 3 S. E. R. 33, and *Martin* v. *R. Co.*, *supra*.

It is proper, however, before concluding this opinion, to advert to the act of January 29, 1894, (Acts of 1893–4, p. 83,) amending section 2906, which was invoked by counsel in support of their contention of the survivability of the right of action of the plaintiff in error, within the meaning of sec-

tion 2927.  What effect, if any, that act may have in other cases on the question we have been considering it is unnecessary to decide, and we do not now mean to express any opinion one way or the other.  It can have none in this case.

The judgment in this case was rendered September 13, 1893, and the act above referred to was passed January 29, 1894.  The judgment was final prior to the enactment of the tatute.  This is not (except in a few cases specified in the Constitution) a court of original, but appellate jurisdiction, and the writ of error must be disposed of in accordance with the law as it existed at the time of the rendition of the judgment.  This court must affirm it, if there is no error therein according to the law as it stood when the judgment was rendered, and, if erroneous, reverse it, and enter such judgment as the Circuit Court "ought to have entered."  Sec. 3485 of the Code; *Currin et als.* v. *Spraull et als.*, 10 Gratt. 145, 148; *Kennaird, &c.* v. *Jones,* 9 Gratt. 183, 190; *N. & W. R. R. Co.* v. *Dougherty,* decided at the November term, *ante* p. 372; *Kansas P. R. Co.* v. *Twombly,* 100 U. S. 78, and *Wright* v. *Graham,* 42 Ark. 140.  As was said by Judge Samuels, in delivering the opinion of the court in *Currin et als.* v. *Spraull et als., supra,* "if a party shows a defence valid at the time it is passed on by the court, a subsequent change in the law cannot deprive him thereof."

There is no error in the judgment of the Circuit Court, and the same is affirmed.

*Affirmed.*