## METROPOLITAN LIFE INS. CO.

### *v.*

### RUTHERFORD.

(*Supreme Court of Appeals of Virginia, March 29, 1900.*)

[35 S. E. Rep. 719.]

**Appellate Practice—Demurrer to Evidence—Judgment by Appellate Court.***

On a demurrer to evidence, where there is no objection to the verdict, the supreme court has no power to grant a new trial. It must either affirm the judgment, or reverse it and give judgment for the opposite party.

**Same—Excluding Evidence—Bill of Exceptions.**

An objection to a ruling excluding evidence on the ground that the offer came too late cannot be considered, in the absence of a bill of exceptions.

**Writ of Error—Change of Law—Effect.**

Writs of error must be disposed of in accordance with the law at the time of the rendition of the judgment complained of.

On rehearing. Corrected and affirmed.

For former opinion, see 35 S. E. 361.

BUCHANAN, J., delivered the opinion of the court.

All the grounds relied on by the petitioner for a rehearing were presented by her counsel when the case was argued at the

*See monographic note on "Demurrer to Evidence," Va. Rep. Anno. ; monographic note on "Bills of Exception" appended to Stoneman *v.* Com., 25 Gratt. 887 (Va. Rep. Anno.).

hearing, and were considered by the court before the decision complained of was made, except the following, which will be briefly noticed :

It is insisted that, if the defendant in error was not entitled to a judgment on the demurrer to the evidence, the court ought, at least, to have set aside the verdict and granted her a new trial. No objection was made, and no valid objection could have been made, by the petitioner to the verdict of the jury. Upon a demurrer to evidence, where there is no objection to the verdict, this court has no power to grant a new trial. It must either affirm the judgment of the court below, or reverse it and give judgment for the opposite party. Railroad Co. v. Dunnaway's Adm'r, 93 Va. 29, 34, 24 S. E. 698.

It is urged further that the question upon which this court decided the case was not raised in the lower court upon the first trial, nor upon the last trial until the case came on for argument in the trial court upon the demurrer to evidence, and that the plaintiff then offered to introduce evidence upon that question, but the court held that the motion came too late. If the plaintiff wished to object to that ruling in this court, it could only be done by bill of exceptions. This was not done.

After the case was argued and submitted to this court for decision, the general assembly enacted the following statute :

"Section 1. Be it enacted by the general assembly of Virginia that no answer to any interrogatories made by an applicant for a policy of insurance shall bar the right to recover upon any policy issued upon such application by reason of any warranty in said application, or policy contained, unless it be clearly proved that such answer was willfully false or fraudulently made, or that it was material.

"Sec. 2. This act shall be in force from its passage."

Acts 1899–00, p. ——.

Some such legislation has long been needed in this state, to protect the unwary from the effect of insurance policies like those issued in this case, by modifying the harsh but settled

rule of law on the subject of warranties. But the benefit of that act cannot be invoked in this case, as the plaintiff seems to think ; for nothing is better settled than that writs of error in this court must be disposed of in accordance with the law as it existed at the time of the rendition of the judgment complained of. Anderson v. Hotel Co., 92 Va. 687, 695, 24 S. E. 269, and cases cited.

While the petition assigns no sufficient ground for granting a rehearing, it does not call attention to a mistake in the judgment of this court entered at a former day of the term, which must be corrected.

The verdict of the jury was for $1,012.94. Of that sum, $12.94 was for money overpaid upon premiums. The plaintiff in error was clearly entitled to recover that amount on the common counts in the declaration, although not entitled to recover on the policies of insurance. Nothing was said in argument about this small sum when the case was heard originally, and it was overlooked by the court. The judgment heretofore entered will be corrected in that respect, and costs in the trial court awarded the plaintiff in error, in accordance with the provisions of section 3544 of the Code.