# Richmond.

## BEAVERS' ADMINISTRATRIX v. PUTNAM'S CURATOR.

### March 10, 1910.

### Absent, Buchanan and Whittle, JJ.

1. SURVIVAL OF ACTIONS—*Personal Injuries—Common Law Rule— Death by Wrongful Act—Virginia Statute.*—At common law personal actions died with the person and could not be revived either by or against the personal representative, and this rule has not been altered in' this State in respect of an injury done to the person. Such an action still dies with the person, and no right of action for such an injury *survives* to his personal representative. The right of action given by the Virginia statute for death by wrongful act is not a survival action, but an independent right of action created, and not merely continued, by the statute.

2. DEATH BY WRONGFUL ACT—*Death of Wrongdoer Before Victim— Code, Sections 2902, 2903, 2906.*—If a party inflicts a mortal wound on another and then dies before his victim, no action lies in favor of the representative of the victim against the representative of the wrongdoer, either at common law or in Virginia. Immediately upon the infliction of the wound there came into being a right of action at common law against the wrongdoer, but this perished with the death of the victim, and did not survive to his personal representative. The new right of action given by the statute to the personal representative of the victim did not come into being until his death, but, when that occurred, the right of action had been lost because of the death of the wrongdoer, which occurred before the right of action accrued which was called into being by the statute. Sections 2902 and 2903 of the Code did not give any right of action for a personal tort against the personal representative of one who was dead at the time the right accrued, but only against a living wrongdoer, and it is only the right of action under these sections which' section 2906 declares shall not determine by the death of the defendant.

3. COMMON LAW—*Change by Statute.*—The common law is the law of this State and remains in force except so far as it is changed by statute.

Error to a judgment of the Circuit Court of Fairfax county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Leo P. Harlow* and *Wolf & Rosenberg,* for the plaintiff in error.

*C. Vernon Ford,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Elizabeth Beavers was shot by Silas W. Putnam and a few hours thereafter died from the effects of the wound she had received. Putnam then shot himself, dying in a very short time thereafter, his death preceding that of Elizabeth Beavers. The administratrix of Elizabeth Beavers brought suit against the curator of Silas Putnam, the declaration stating the foregoing facts, and claiming damages to the amount of $10,000.

The defendant demurred to this declaration, and for cause of demurrer alleges that the declaration shows no lawful cause of action against the defendant, nor any wrong or trespass committed by him; that it is not competent to sue the curator for the tort alleged to have been committed by the curator's decedent; and that it is necessary for the declaration to show and allege that at the time of the death of plaintiff's intestate the defendant's intestate was alive, otherwise on death of defendant's intestate the alleged cause of action abated, and died at common law, and is not kept alive by statute.

There are other specifications of grounds of demurrer, but those to which we have referred sufficiently present the questions to be considered.

At common law it is conceded that personal actions died with the person and could not be revived, either by or against the personal representatives; but at an early day (4 Edw. III, chap.

7,) a right of action was given to executors for goods and chattels of their testators carried away in their lifetime, and by section 2655 of our Code it is provided that "for the taking or carrying away any goods, or the waste or destruction of, or damage to, any estate of or by his descedent, a personal representative may sue or be sued.

Discussing this subject in *Anderson* v. *Hygeia Hotel Co.,* 92 Va. 687, 24 S. E. 269, Judge Riely said: "But while the rule of the common law has been much restricted and limited by statutes, both in England and in this country, and the right to sue for an injury done to the property or estate of the decedent in his lifetime has been conferred on the personal representative of the deceased, the rule has not been altered in this State in respect of an injury done to the person. An action for an injury to the person still, as at common law, dies with the person, and no right of action for such injury survives to his personal representative."

It was claimed in that case, that by virtue of sections 2902, 2903 and 2906 of our Code, the right of action for injury to the person, produced by the wrongful act, neglect or default of another, survived to the personal representative, so that the limitation upon such right of action would be five years and not one year; but it was there held that such was not the effect of those sections; that the right of action given by them is not a survival of the right of action which existed in the injured person prior to his death, but an independent right of action, created and not merely continued by our statutes.

"The act requires the suit to be brought by and in the name of the personal representative, but he by no means sues in his general right of personal representative. He sues wholly by virtue of the statute and in respect of a different right. His suit proceeds on different principles. He sues not for the benefit of the estate, but primarily and substantially as trustee for certain particular kindred of the deceased, who are designated in the statute." *Anderson* v. *Hygeia Hotel Co., supra.*

There can be no doubt that at common law the action in this case could not have been maintained, and it remains only to be considered whether or not it is such an action as is contemplated by sections 2902, 2903 and 2906 of the Code of Virginia.

By section 2902. it is provided that "Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, or of any ship or vessel, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action, or to proceed *in rem* against said ship or vessel, or *in personam* against the owners thereof, or those having control of her, and to recover damages in respect thereof, then, and in every such case, the person who, or corporation or ship or vessel which, would have been liable, if death had not ensued, shall be liable to an action for damages, or if a ship or vessel, to a libel *in rem,* and her owners or those responsible for her acts or defaults or negligence to a libel *in personam,* notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony."

It appears from this declaration that the plaintiff's intestate, having been mortally wounded by defendant's intestate, survived for some hours and died; that in the meantime defendant's intestate inflicted a mortal wound upon himself, of which he died, his death preceding that of his victim. When Mrs. Beavers received the wound from which she died at the hands of Putnam, there instantly came into being in her behalf a right of action against Putnam for the injury which she had sustained, a right of action at common law, which at common law perished upon her death and did not survive to her personaly representative. *Anderson* v. *Hygeia Hotel Co., supra.* The right of action given to her personal representative by the statute did not come into being until her death, but when that occured the right of action had been lost because of the death of the wrongdoer, which occurred before the right of action accrued which was called into being by the statute.

The common law is the law of the land and remains in force, except in so far as it is changed by statute. *Milhiser* v. *Gallego Mills Co.,* 101 Va. 579, 44 S. E. 760.

Section 2902 does change the common law by giving in express terms an action for damages to the personal representative of the party injured, where death ensues from the wrongful act, neglect or default of a person or corporation. That section, however, is silent with respect to the death of the wrongdoer, and in that respect does not change the common law.

Section 2903 provides that the action given by section 2902 shall be brought in the name of the personal representative of the deceased person within twelve months after his or her death, and then declares that the jury may award such damages as may seem just and fair, not exceeding ten thousand dollars, and directs in what proportion and to whom they shall be distributed.

Section 2906 is as follows: "The right of action under section 2902 and 2903 shall not determine, nor the action when brought abate, by the death of the defendant or the dissolution of the corporation when a corporation is the defendant; and where an action is brought by a party injured for damage caused by the wrongful act, neglect or default of any person or corporation and the party injured dies pending the action, the action shall not abate by reason of his death, but, his death being suggested, it may be revived in the name of his personal representative."

If any part of this section gives, or was intended to give, preserves or has the effect of preserving, a right of action such as that under consideration, it is to be found in the following language of the section: "The right of action under sections 2902 and 2903 shall not determine . . . by the death of the defendant . . ." But if the analysis of section 2902 which we have made be accurate, no right of action ever existed which could be determined by the death of the defendant. The right of action which came into being when the injury was received

perished at common law by the death either of the wrongdoer (which first occurred) or the injured person, which took place immediately thereafter; so that the condition had never arisen under which the right of action conferred by the statute upon the administratrix could be maintained, which, we repeat, upon the authority of *Anderson* v. *Hygeia Hotel Co., supra,* was not a survival of the right which had existed in Mrs. Beavers, but an independent right conferred upon her administratrix by statute, and never had any existence, because when Mrs. Beavers died and the right of action accrued in favor of her administratrix by virtue of the statute, there was no one in being who could be sued—not Silas Putnam, for he had pre-deceased his victim; not his administrator, because at common law the administrator could not be sued upon such a cause of action, and the statute does not create as against the defendant an independent cause of action.

Section 2906, in other words, creates no new cause of action; it merely attaches itself to such causes of action as were created by sections 2902 and 2903, and provides that they shall not be determined by the death of the defendant. To say that an existing cause of action shall not be determined by the happening of an event does not in and of itself create an independent cause of action.

Counsel for defendant in error has cited a number of decisions from courts of great respectability construing statutes of a similar character and which seem to maintain the view we have taken. See *Bates* v. *Sylvester,* 205 Mo., 493, 104 S. W., 73, 120 Am. St. Rep. 761, 11 L. R. A. (N. S.) 1157, and note. We will not prolong this opinion by a discussion of these authorities, but will rest our conclusion upon the construction of the statute, aided by the Virginia decisions to which we have referred.

For these reasons we are of opinion that the judgment of the circuit court should be affirmed.

*Affirmed.*