**FIRST NAT. BANK OF AMHERST, MASS.**

v.

**FULCHER.**

Civ. No. 322.

United States District Court, W. D. Virginia, Lynchburg Division.

March 20, 1954.

Edmunds, Whitehead, Baldwin & Graves, Lynchburg, Va., for plaintiff.

Caskie, Frost, Davidson & Watts, Lynchburg, Va., for defendant.

BARKSDALE, District Judge.

This is an action for death by wrongful act instituted under the provisions of the Virginia Statute, Sec. 8–633 et seq., Code of Va., by The First National Bank of Amherst, Massachusetts, a national banking institution and citizen of Massachusetts, which has duly qualified in the appropriate Massachusetts court as Executor of the Estate of Asa J. Hastings, deceased, who, at the time of his death resulting from an automobile accident in Virginia, was a citizen of Massachusetts. Plaintiff has not qualified as personal representatative in Virginia, nor to do business in Virginia. The defendant, James Frederick Fulcher, is a citizen of Virginia residing in this District. In instituting this action, the Executor is acting for the benefit of Donald E. Hastings, Robert M. Hastings and Philip J. Hastings, sole surviving children of Asa J. Hastings, all of whom are citizens and residents of Massachusetts, and under the Virginia statute would be entitled to share any recovery which might be had in such proportions as the jury might determine, "free from all debts and liabilities of the deceased;" Sec. 8–638, Code of Va.

Speaking of actions for death by wrongful act, the Virginia statute, Sec. 8–634, Code of Va., provides:

"Every such action shall be brought by and in the name of the personal representative of such deceased person * * *."

Diversity of citizenship and the jurisdictional amount are present, but the defendant has filed his motion to dismiss this action upon the ground that the plaintiff, although it has duly qualified as personal representative of the decedent in Massachusetts, has not qualified, and cannot qualify, as such in Virginia, and that only a personal representative duly qualified in Virginia has the right to maintain an action for death by wrongful act in this Commonwealth. Defendant relies upon Section 26–59 of the Code of Virginia, the pertinent provisions of which are as follows:

"* * * No person not a resident of this State nor any corporation not authorized to do business in this State shall be appointed or allowed to qualify *or act* as personal representative, or *trustee under a will,* of any decedent, or appointed as guardian of an infant or committee of any person non compos mentis, unless there be also appointed to serve with the nonresident personal representative, trustee, guardian or committee, a person resident in this State or corporation authorized to do business in this State: * * *."

This statute was originally enacted in 1924, and the General Assembly of 1950 amended the statute by the insertion of the italicized words in the above quotation. No legislative history is available to disclose the purpose of the amendment, nor is there anything helpful in the Code annotation.

I was required to pass upon the precise question here presented in 1946, and at that time held that the nonresident personal representative might maintain an action in this Court for death by wrongful act under the Virginia statute. LaMay v. Maddox, D.C., 68 F.Supp. 25. However, defendant's counsel now contend that the 1950 amendment of Section 26–59 requires a different conclusion. It seems that this question has never been decided by the Supreme Court of Appeals of Virginia, nor any other Virginia court so far as I know.

In the case of Rybolt v. Jarrett, 4 Cir., 112 F.2d 642, 644, it was decided that a nonresident personal representative could not maintain an action for death by wrongful act in West Virginia under the West Virginia Statute, by reason of West Virginia Code 1937, Chapter 44–5–3, as follows:

"Notwithstanding any other provision of law, no person not a resident of this State shall be appointed or act as executor, administrator, curator, guardian, or committee, except that a testator who is a nonresident of the State at the time of his death may name, and there may be appointed and act, a nonresident as his executor, and except that for the guardian of an infant who is a nonresident of the State there may be appointed the same person who was appointed guardian at the domicile of the infant."

In his opinion, Judge Dobie, speaking for the court, discussed at some length the Virginia Statute, Sec. 26–59, Code of Va. He said:

"Further, the Virginia Statute directed against non-resident personal representatives is by no means so rigid and so unrelenting as the similar statute in West Virginia."

It is true that the words "or act" were not in the Virginia statute at the time of the Rybolt decision, but it seems to me that it is clearly inferable from Judge Dobie's opinion that he did not consider that the Virginia statute, in its then form, would preclude the maintenance in Virginia of an action for death by wrongful act by a nonresident personal representative. In differentiating the Virginia statute from the West Virginia statute, Judge Dobie did rely to some extent upon the absence of the words "or act". However, I do not believe he considered this difference of paramount importance. He seemed particularly impressed by the fact that the West Virginia statute begins: "Not-

withstanding any other provision of law". As to this phrase, he said:

"This, we think, is quite significant. If it means anything at all, it would appear to indicate that the draftsman of this statute knew fully that there were other provisions in the West Virginia Statutes applicable to personal representatives, and, when this restrictive statute was enacted, the Statute of Death by Wrongful Act had been on the statute books of West Virginia for a number of years. It would thus seem that by this phrase, the legislature must have contemplated so important a statute as the West Virginia Statute of Death by Wrongful Act." 112 F.2d at page 645.

However, in considering the question here presented to me, I am even more impressed by Judge Dobie's statement:

"Further, the problem is one to be determined entirely by the interpretation of the statutes and policy of the State of West Virginia." 112 F.2d at page 643.

Prior to the enactment of the restrictive statute, Sec. 26–59, Code of Va., a somewhat similar question was decided in this court by my distinguished predecessor, Honorable Henry Clay McDowell: Pearson v. Norfolk & W. R. Co., D.C.W.D.Va., 286 F. 429. There a North Carolina personal representative instituted his action in this court against a citizen of Virginia, seeking to recover damages under the West Virginia Death by Wrongful Act Statute, plaintiff's decedent having been killed in West Virginia. Judge McDowell held that the North Carolina personal representative might maintain his action in this court. In the course of his opinion, he said 286 F. at pages 430–431:

"In this state there is no statute giving foreign representatives a right to sue, and the rule that a foreign representative may not sue in the courts of this state to recover assets of his decedent's estate for administration remains in full force.

Dickinson v. McCraw, 4 Rand. (Va.) 158, 160; Andrews v. Avory, 14 Grat. (Va.) 229, 239, 73 Am.Dec. 355; Fugate v. Moore, 86 Va. 1045, 1047, 11 S.E. 1063, 19 Am.St.Rep. 926. However, I can think of no reason why this rule should apply to the case at bar. The only even passably good reason for the rule is the protection of possible local creditors of a decedent. In 1 Robinson's Practice (new), p. 161 (A Virginia authority), it is said:

" 'For the present it will suffice to state the reason of the rule which is, that a recovery under a title derived from a foreign grant of administration would withdraw the effects from the operation of the laws to which they are properly subject, and commit them to the administration of persons in no wise amenable to those laws, so that instead of being protected in their rights by the power of their own government, the resident creditors would be sent abroad to assert their claims in foreign courts at the risk of having them determined by laws less favorable.'

"In Fugate v. Moore, supra, 86 Va. 1045, 1049, 11 S.E. 1063, 1064 (19 Am.St.Rep. 926), the following is quoted:

" 'Administration only extends to the assets of the intestate within the state where it was granted. If it were otherwise, the assets might be drawn out of the state, to the great inconvenience of domestic creditors, and be distributed, perhaps, on very different terms, according to the laws of another jurisdiction.'

"See Story's Conflict of Laws (2d Ed.) p. 421; Minor's Conflict of Laws, p. 225; Schouler's Exors. & Admrs. (2d Ed.) p. 23.

"The reason that the rule in question cannot possibly apply here is that, by the express terms of the West Virginia wrongful death statute, no creditor of the decedent as

such has the slightest interest in or right to the recovery sought by the plaintiff at bar. The foreign administrator here sues to recover a fund which is not to be administered, but is merely to be distributed. When the reason for a rule fails, the rule ceases to apply. And it follows that there is no reason to be found in the policy of the law of Virginia why the plaintiff here may not maintain this action.

"In 24 Corpus Juris 1131, § 2703, it is said:

" 'A foreign representative may sue to collect a claim where, under the law of the state where the action must be brought, the claim could not be made the subject of local administration, since in such cases the reasons for the rule prohibiting suits by foreign representatives do not apply.'

"There are many decisions which support the conclusion which I reach, but which are based on the theory that the foreign representative is permitted to sue because he is a 'statutory trustee' (17 Corpus Juris, p. 1266, § 117, notes 28 and 29); or because the foreign grant of letters merely 'serves to designate the person who may sue' (McCarty v. New York, etc., Co. [C.C.] 62 F. 437, 438). I find it unnecessary to quarrel with the reasoning of these cases. But it seems to me simpler and rather more satisfactory to say that the foreign administrator here may sue because there is no reason for denying him such right."

It is true that, in the Rybolt opinion, Judge Dobie said that it had been argued that the restrictive statute was applicable only to personal representatives acting in their general or usual capacity, and not when they were acting purely as statutory trustees for certain designated beneficiaries in an action for death by wrongful act, but he concluded that this contention was not sufficient to prevent the application of the restrictive statute of West Virginia.

However, my problem is different. I am not here concerned with the West Virginia statute: I am required to determine the policy of the Commonwealth of Virginia in the light of its restrictive statute. And while the Supreme Court of Appeals of Virginia has not passed upon the precise question here presented, it seems to me clear that our court of last resort has charted the policy of this Commonwealth when, in its decisions, "by the logical process of dichotomy," 112 F.2d 648, it has clearly divided the functions of a personal representative into two categories: (1) to act in his general right of personal representative in administering the estate of his decedent, and (2) to act "as trustee for certain particular kindred of the deceased" in actions for death by wrongful act. This differentiation of function is clearly pointed out, as follows, in an able opinion by Judge Riely in Anderson v. Hygeia Hotel Co., 92 Va. 687, 692, 24 S.E. 269, 271:

"Where the right of action which the deceased person had in his lifetime survives, his personal representative sues as the legal owner of the personal estate which has descended to him in course of law, and the recovery is for the benefit of, and constitutes assets of, the estate of the decedent, with the consequent liability for the payment of his debts. The right of action of the personal representative is the same that was possessed by the deceased in his lifetime. It proceeds on the same principles, is sustained by the same evidence, and the measure of recovery is the same. But very different is the right of action given by the act in question. (The Virginia Death by Wrongful Act Statute.) The act requires the suit to be brought by and in the name of the personal representative, but he by no means sues in his general right as personal representative. He sues wholly by virtue of the statute, and in respect of a different right. His suit proceeds on different principles. He sues not for

the benefit of the estate, but primarily and substantially as trustee for certain particular kindred of the deceased, who are designated in the statute."

This differentiation of function is again pointed out in the very recent case (1953) of Patterson v. Anderson, 194 Va. 557, 567, 74 S.E.2d 195, 201:

"Under Code, § 8–634, an action for wrongful death must be brought in the name of the personal representative of the deceased. In bringing such suit the administrator does not act 'in his general right as personal representative. * * * He sues, not for the benefit of the estate, but primarily and substantially as trustee for certain * * * kindred of the deceased, who are designated in the statute.' Anderson v. Hygeia Hotel Co., 92 Va. 687, 692, 24 S.E. 269, 271. See also, Beavers' Adm'x v. Putnam's Curator, 110 Va. 713, 715, 67 S.E. 353."

See also Wiener v. Specific, etc., 298 N.Y. 346, 352, 83 N.E.2d 673, and Cooper v. American Airlines, 2 Cir., 149 F.2d 355, 162 A.L.R. 318.

Disregarding the procedural requirement of the Death by Wrongful Act Statute, and looking at reality, the three sons of the decedent, citizens of Massachusetts, are the real plaintiffs in this action. The personal representative is nominally the plaintiff solely because the statute says that he must be. Should there be a recovery, no creditor could touch it. No administration is necessary. Any recovery would go to the sons as the jury might direct. The defendant is a citizen of Virginia. All the requisites for Federal jurisdiction exist, and it seems to me that I should be very hesitant to so construe a Virginia statute as to deprive these actual plaintiffs of their right to assert their claim and have it determined in this court as any other nonresident might do.

It is therefore my conclusion that the inhibition of the Virginia statute against a nonresident's qualifying or acting as personal representative, is directed against permitting a nonresident to act as personal representative in his "general right" as such, for which inhibition there are numerous good reasons. I hold that the inhibition of the statute was not meant to, and does not, prevent the maintenance of an action by a nonresident personal representative for death by wrongful act under the Virginia statute in this Commonwealth, where the action is brought for the benefit of distributees within the category set out in the statute. It seems to me that it is equally satisfactory to say now, as it was when Judge McDowell said it, 286 F. 431:

"* * * that the foreign administrator here may sue because there is no reason for denying him such right."