Kevin James **TARBRAKE,** Administrator of the Estate of Kathleen Marie Tarbrake, deceased, Plaintiff,

v.

Mark E. **SHARP,** Administrator of the Estate of John Mark White, deceased, Stephanie Bailiff, Delane's Truck Brokerage, Inc., and Southeast Farms, Inc., Defendants.

Civ. A. No. 95–147–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 28, 1995.

Randolph Hugh Perry, Law Offices of Randolph H. Perry, Fairfax, VA, Philip Clark Kattenburg, Fairfax, VA, for Kevin James Tarbrake.

Lowry Jock Miller, Miller, Miller, Kearney & Geschickter, Arlington, VA, for Mark E. Sharp.

Gary Brooks Mims, Brault, Palmer, Grove, Zimmerman, White & Mims, Fairfax, VA, for Stephanie Bailiff.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the Court on motion for partial summary judgment by Mark E. Sharp, Administrator of the estate of John Mark White. This case is a wrongful death action filed against White for the wrongful death of the plaintiff. Both defendant White and plaintiff Tarbrake were killed in the same accident. The plaintiff demands punitive damages in the amount of $5 million as a result of White's alleged willful, wanton or reckless conduct which is alleged to have been of such a degree as to evidence a conscious disregard for the safety of others. The issue presently before this Court is whether punitive damages can be recovered for conduct of a tortfeasor who is dead at the time of trial.

■ Entry of summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1984); Fed.R.Civ.P. 56.

■ This Court applies the choice of law rule of Virginia, the forum state, as jurisdiction in this action is based on diversity of citizenship and the accident occurred in Virginia. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The parties do not dispute that the recovery of punitive damages is governed by Virginia law.

■ The plaintiff argues that Virginia's wrongful death statute, Va.Code § 8.01–50, does not explicitly preclude the recovery of punitive damages after the death of the tortfeasor. The statute, however, does not create a new cause of action, but only a right of action in a personal representative to enforce a decedent's claim for any personal injury that caused death. *Miller v. United States,* 932 F.2d 301 (4th Cir.1991); *Grady v. Irvine,* 254 F.2d 224 (4th Cir.1958), citing *Anderson v. Hygeia Hotel,* 92 Va. 687, 24 S.E. 269, 272 (1896). Va.Code § 8.01–52 was amended in 1982 to allow for the recovery of punitive damages for wrongful death actions under Va. Code § 8.01–50. However, this amendment did not change the common law of Virginia regarding punitive damages when the tortfeasor is dead at the time of trial.

Under Virginia law, where the offender is dead at the time of trial, punitive or exemplary damages may not be awarded. *Dalton v. Johnson, Adm'x,* 204 Va. 102, 129 S.E.2d 647 (1963). The purpose of punitive damages is to punish the offender, not to compensate the victim. *Id.* Here, the alleged offender, John Mark White, and the plaintiff were both killed in the automobile accident that is the subject of this action. An award of punitive damages will not serve its intended purpose of punishing the tortfeasor. As such, partial summary judgment should be granted in favor of defendant White in regards to punitive damages.

An appropriate order shall issue.

### *ORDER*

This matter came before the Court on motion for partial summary judgment by Mark E. Sharp, Administrator of the estate of John Mark White. For reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that Mark E. Sharp's motion for partial summary judgment as to punitive damages is granted.