## Richmond

ELSWORTH MONROE WILSON, ET AL. v. EUGENE TUCK WHITTAKER, ADMINISTRATOR, ETC.

April 24, 1967.

Record No. 6400.

Present, Eggleston, C. J., and Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Robert S. Irons* (*Wade H. Ballard, III*, on brief), for the plaintiffs in error.

*John B. Spiers, Jr.* (*Spiers, Spiers and Mink*, on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

It is agreed by the parties herein that the fundamental issue involved in this appeal is whether punitive or exemplary damages may be recovered in an action brought under Virginia's death by wrongful act statutes (sometimes hereinafter referred to as statute). Code, § 8-633, et seq.

On the afternoon of September 21, 1964, a loaded tractor-trailer owned by Howard T. Phillips and operated by an employee, Elsworth M. Wilson, while in the course of his employment struck and killed instantly Albert Lee Whittaker, age 11, as he was attempting to cross State Route No. 100 in Giles county after alighting from a school bus.

Eugene Tuck Whittaker, Administrator of the Estate of Albert Lee Whittaker, plaintiff, filed a motion for judgment against Phillips and Wilson, defendants, seeking to recover damages of $35,000[1] for the wrongful death of his decedent and an additional sum of $14,000 for punitive damages, making a total of $49,000. Defendants filed an answer denying liability and also filed a motion to strike from the motion for judgment the $14,000 allegation of and claim for punitive damages. The court overruled this motion, but held that plaintiff was limited to a total maximum recovery of $35,000 under the wrongful death statute.

Defendants admitted liability. They contended that punitive damages were not recoverable in a wrongful death action and that having admitted liability, plaintiff's evidence should be limited solely to the quantum of damages. Over the objection and exception of defendants, the court ruled that plaintiff was entitled to show the facts and circumstances of the accident on the ground that punitive damages, as alleged in the motion for judgment, were recoverable if supported by the evidence.

Defendants offered no evidence, and they have admitted that if punitive damages were recoverable the evidence adduced by plaintiff was sufficint to support a finding of punitive damages. That being the case, it becomes unnecessary for us to relate the facts in detail. We will content ourselves by stating that the undisputed evidence

(1) The right of action in this case having accrued on November 21, 1964, it was governed by Code, § 8-636 which provided at that time for a maximum recovery of $35,000. This section was amended in 1966 increasing the maximum recovery but no other changes were made. Acts of Assembly, 1966, Ch. 583.

showed, among other things, that the tractor-trailer owned by Phillips and operated by Wilson, which struck and killed the Whittaker child, was 50 feet long and was loaded with hogs; that on the day of the accident Wilson had brake trouble and had stopped the vehicle and had loosened its brakes so that he could proceed; that Phillips knew that the brakes were in a defective condition but he would not permit Wilson to stop long enough to have them repaired; that Wilson had an unobstructed view of the stopped school bus from which young Whittaker had alighted for a distance of 1109 feet; that the school bus was properly colored, marked and lighted with all warning lights in operation; that Wilson admitted that he was exceeding the speed limit and also that he saw the bus but "couldn't stop" because he "didn't have no brakes."

At the conclusion of all of the evidence, defendants moved the court to declare a mistrial on the ground that they were prejudiced by the admission of evidence before the jury relating to their liability since liability had been admitted and was not an issue. In overruling the motion, the court adhered to its former holding that such evidence was admissible because punitive damages were recoverable. Whereupon, the trial court gave the jury three instructions.

Instruction No. 1 told the jury that both defendants were liable as a matter of law. Instruction No. 2 defined the elements which the jury could consider in awarding compensatory damages. No objection was made to either of these instructions and it is now conceded that they were proper. However, defendants objected and excepted to Instruction No. 3. It told the jury that in addition to damages mentioned in Instruction No. 2, they might award punitive damages.

The jury returned a verdict for plaintiff in the sum of $35,000 and apportioned it among decedent's parents and sisters. The award made no distinction between compensatory and punitive damages. After overruling defendants' motion to set aside the verdict and award them a new trial, the court entered judgment on the verdict. Defendants are here upon a writ of error and *supersedeas* awarded to the judgment.

In their assignments of error, defendants assert that the court erred (1) in refusing to strike "those portions of the plaintiff's motion for judgment asking for judgment for punitive damages"; (2) in admitting evidence relating to the manner in which the accident occurred; (3) in refusing to grant a mistrial; (4) in granting Instruction

No. 3; and (5) in refusing to set aside the verdict and award them a new trial. The validity of each of these assignments of error depends upon the single controlling issue of whether punitive damages are recoverable under our death by wrongful act statutes.

██ Code, § 8-633 provides in part:

"Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person * * * and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action * * * and to recover damages in respect thereof, then, and in every such case, the person who * * * would have been liable, if death had not ensued, shall be liable in an action for damages * * *."

Section 8-634 specifies that every such action shall be instituted in the name of the personal representative of the deceased person within two years from such person's death with certain qualifications. Section 8-636, which provides for the amount and distribution of damages recoverable under § 8-633, authorizes the jury to "award such damages as to it may seem fair and just" to certain beneficiaries, not to exceed the statutory limit.

At common law no civil action was maintainable against a person for the worngful death of another. A right of action for personal injuries did not survive the death of the injured party. In 1846, the English Parliament enacted a statute known as "Lord Campbell's Act". In its main essentials it provided: "(1) That an action may be maintained whenever death is caused by a wrongful act, neglect, or default which would have entitled the person injured to maintain an action if death had not ensued. (2) That such action is for the benefit of certain designated members of deceased's family or close of kin. (3) That the damages recoverable in such action are those suffered by such beneficiaries by reason of the death. * * *" 25A C.J.S., Death, § 15, p. 592.

In 1871, the General Assembly of Virginia passed an Act modeled on Lord Campbell's Act, giving the personal representative of a deceased person a right to recover for wrongful death, and its essential features were substantially the same as Lord Campbell's Act. Since the passage of our Act, changes made have been in the maximum amount of recovery and the period in which to institute the action, but the basic elements remain substantially the same. For the legislative history of the Act see *Hudson Motor Car Co.* v. *Hertz*, 121 F. 2d 326, 328, 329.

In the early case of *Anderson v. Hygeia Hotel Co.*, 92 Va. 687, 24 S.E. 269, this court set forth the nature of the right of action provided for under the wrongful death statute:

"The language of the act clearly indicates that the legislature had in view the rule of the common law; and that its main purpose in passing the act was to provide for the case of an injured person, who had a good cause of action, but died from injuries without having recovered his damages. It is intended to withdraw from the wrongdoer the immunity from civil liability which the rule of the common law afforded him, and to provide for the recovery of such damages, notwithstanding the death of the injured person. In so doing, however, it plainly did not intend to continue or cause to survive his right of action for the injury, but to substitute for it and confer upon his personal representative a new and original right of action." (Citing cases.) 92 Va. at 691, 24 S.E. at 271.

When a person is injured by the wrongful act of another and dies, the cause of action in the suit by his personal representative for death by wrongful act remains the same as that for his personal injuries. But the right of action for personal injuries does not survive the decedent. A new right of action is given decedent's personal representative only through the grace of legislative enactment. See *Anderson v. Hygeia Hotel Co., supra; Beavers' Adm'x v. Putnam's Curator,* 110 Va. 713, 67 S.E. 353; *Virginia Iron, etc. Co. v. Odle's Adm'r,* 128 Va. 280, 105 S.E. 107; *Mercer v. City of Richmond,* 152 Va. 736, 148 S. E. 803, 64 A.L.R. 1054; *Seymour and Burford Buick Corporation v. Richardson,* 194 Va. 709, 75 S.E. 2d 77; *Ruebush v. Funk,* 63 F. 2d 170; *Atlantic Greyhound Lines, Inc. v. Keesee,* 111 F. 2d 657; *Grady v. Irvine,* 254 F. 2d 224.

We have held that in an action for wrongful death the personal representative of the deceased sues primarily as trustee for certain statutory beneficiaries and not for the general benefit of the decedent's estate. *Conrad v. Thompson,* 195 Va. 714, 721, 80 S.E. 2d 561, 566, and cases there cited. The object of the statute is to compensate these beneficiaries for their loss occasioned by the decedent's death. *Richmond F. & P. R.R. v. Martin's Adm'r,* 102 Va. 201, 203, 45 S. E. 894. Code, § 8-638 provides, in part, that the amount recovered "shall be free from all debts and liabilities of the deceased."

In order to compensate a decedent's statutory beneficiaries in an action for wrongful death the General Assembly has provided in § 8-636 that a jury may award "such damages as to it may seem fair

and just". This court since the passage of the original act in 1871 has sanctioned only three types or elements of damages to be considered by the jury in awarding "fair and just" damages to the statutory beneficiaries. As we said in *Matthews v. Hicks, Adm'r*, 197 Va. 112, 119, 87 S.E. 2d 629, 633:

"[I]t is now well settled by a long line of Virginia decisions that damages may be awarded not only for the pecuniary loss sustained by the statutory beneficiaries (including the probable earnings of the deceased for the duration of his life expectancy in view of his health, age, business capacity, and experience) but also for loss of deceased's care, attention and society, as well as such sum as the jury may deem fair and just as a solatium to the beneficiaries for their sorrow and mental anguish caused by the death." (Citing cases.)

We have expressly excluded as elements of "fair and just" damages under the statute mental anguish and physical pain of the decedent, and also his hospital, medical and funeral expenses. *Virginia Iron, etc. Co. v. Odle's Adm'r, supra*, 128 Va. at p. 309; *Conrad v. Thompson, supra*, 195 Va. at p. 721.

We have not heretofore been called upon to decide the precise question of whether punitive damages are recoverable in an action for death by wrongful act. In other jurisdictions the provisions of such statutes differ from our own. We must construe our statutes in the light of the particular language they contain.

In support of his contention that punitive damages are recoverable under our statute, plaintiff relies heavily upon *Matthews v. Warner's Adm'r*, 29 Gratt. (70 Va.) 570. There the administrator of Warner instituted an action under the death by wrongful act statute against Matthews, defendant, for the killing of Warner. No punitive damages were claimed in the declaration. Defendant requested an instruction which limited the measure of damages to the pecuniary loss sustained by Warner's mother and also told the jury that they could not "take into consideration the mental suffering occasioned" by the mother as a result of her son's death. The trial court refused the instruction and defendant assigned error, among others not related to this instruction, to the actions of the court.

On appeal this court held that it was not error to refuse the instruction and affirmed the judgment of the trial court. Judge Christian, speaking for the court, reviewed the English and American statutes as well as our own on death by wrongful act. He concluded that the jury was not limited to mere pecuniary damages and that they

could have awarded such damages as to them "may seem fair and just."

Judge Christian discussed at some length the element of punitive damages and said: "I think it is manifest that the legislature intended, as in Kentucky, Iowa, Connecticut, and California * * * to allow the jury in such cases to award punitive and exemplary damages."

The defendants argue: "In affirming the refusal to instruct that damages were limited to loss of pecuniary benefits it was unnecessary that this Court in the *Matthews* case adjudge that punitive damages might be recovered." Hence, they say that the court's pronouncement was dictum and not binding upon us. We agree.

In *Matthews* plaintiff made no claim for punitive damages in his declaration, and such damages were not an issue in the trial court. On appeal it was necessary for the court to decide only whether the damages which to the jury "may seem fair and just" could include an award for the mental suffering of the surviving mother in addition to the pecuniary loss she sustained.

Judge Staples concurred in the opinion with the exception that he was not satisfied that the jury had a right to award punitive damages. He thought that the object of the statute was to give compensation to the deceased's "family" and that the jury had no right to assess damages by way of punishment. He had no decided opinion and preferred not to express any on punititive damages "as the question is not fairly presented by the record." The record on file in our clerk's office supports his view that the question was not fairly presented.

The right of action for damages for personal injuries, including punitive damages, if any, expires upon the death of the injured person. Our death by wrongful act statute does not cause to survive this right of action, but it creates in the decedent's personal representative a new right of action to compensate decedent's statutory beneficiaries for their loss. Its purpose was not to punish the wrongdoer. In an unbroken line of decisions this court has interpreted Code, § 8-636 and its predecessors to mean that damages which to the jury "may seem fair and just" are the damages suffered by the statutory beneficiaries. If the General Assembly had intended that punitive damages might be recovered, it could have specifically provided for such damages as some other states have done. Notwithstanding what was said relating to punitive damages in *Matthews* v. *Warner's Adm'r*, *supra*, we hold that there can be no recovery of punitive damages in an action for wrongful death under our statute.

In view of this holding, it follows that the trial court erred in refusing to strike those portions of plaintiff's motion for judgment asking for punitive damages; in admitting evidence concerning the details of the accident because liability had been admitted and such evidence was not material or relevant to the issue of damages (see *Eubank* v. *Spencer*, 203 Va. 923, 128 S. E. 2d 299); in refusing to grant a mistrial because of the admission of this evidence; in granting Instruction No. 3 permitting the jury to award punitive damages, and in refusing to set aside the verdict and award a new trial.

Accordingly, the judgment appealed from is reversed and the case remanded for a new trial limited to the sole issue of compensatory damages.

*Reversed and remanded.*