## 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡

STEVEN WAYNE PUGH V. JAMES LEE YEAROUT, ADMINISTRATOR, ETC.

January 17, 1972.

Record No. 7654.

Present, All the Justices.

*Stuart B. Campbell, Jr.* (*Campbell & Campbell,* on brief), for plaintiff in error.

*Willis A. Woods; James L. Gleaves, Jr.* (*Woods, Gleaves & Bird,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

James Lee Yearout, Administrator of the estate of his deceased wife, June Audrey Sayers Yearout, recovered a judgment in the court below against Steven Wayne Pugh for her unlawful death. We granted Pugh a writ of error limited to a consideration of an instruction granted by the trial court, and to the action of the court in ad-

mitting the testimony of a witness as to the value of the services of a substitute housewife and mother.

Mrs. Yearout, age 24, was survived by her husband, James Lee Yearout, and a daughter, Judy Lynn Yearout, age 4. The decedent earned $1,625.79 between February 15, 1968 and September 10, 1968, the date of her death. Her husband earned approximately $7,835 in 1968. He testified that his wife did the cooking, washing, ironing and cleaning and took care of the house. He said that his wife's earnings, along with his own, were used to support the family.

Mrs. Sarah N. Turner, a social worker, testified that in Wythe County it would cost from $50 to $60 a week to employ someone to render the services of a housewife and mother in a household having a gross income commensurate with that of the Yearouts.

On the question of damages the court gave the following instruction:

"The Court instructs the jury that if from the evidence and the other instructions of the Court, you find your verdict in favor of the plaintiff, the administrator of the estate of June Audrey Sayers Yearout, deceased, you may award damages with reference to the following:

"1. $500.00 for the funeral expenses.

"2. Such damages as to you may seem fair and just by way of solace for sorrow, suffering and mental anguish occasioned by the death of the decedent to the following persons, not to exceed Twenty-five Thousand Dollars ($25,000.00).

"(a) James Lee Yearout.
"(b) Judy Lynn Yearout.

"The jury may, but are not required to, direct what proportion any such damages for solace shall be distributed to such persons.

"3. Such further damages, not exceeding a total of Fifty Thousand Dollars ($50,000.00), as shall equal the financial or pecuniary loss, if any, sustained by the dependent or dependents of the decedent.

"The jury shall direct in what proportion any such damages for financial or pecuniary loss shall be distributed unto such dependents."

The jury returned a verdict in favor of the Administrator, awarding $500 for funeral expenses, $10,000 by way of solace to be equally divided between the husband and daughter, and $20,000 by way of financial or pecuniary loss sustained by the dependents, distributing the latter amount $5,000 to the husband and $15,000 to the daughter.

Counsel for Pugh objected to Section 3 of the instruction dealing with damages on the ground that it allowed a recovery for financial or pecuniary loss sustained by the dependents notwithstanding there had been no showing that either the husband or the daughter was dependent.

The objectionable portion of the instruction was predicated upon the following language found in Code § 8-636 (1971 Cum. Supp.):

"In addition to the damages set forth above, the jury may award such further damages, not exceeding fifty thousand dollars, as shall equal the financial or pecuniary loss sustained by the dependent or dependents of such decedent and shall further direct in what proportion such damages shall be distributed to such dependents, regardless of class."

Prior to the 1968 amendment of Code § 8-636 a jury in Virginia could award such damages in a wrongful death case as it considered "fair and just" and distribute the amount among certain designated statutory beneficiaries. The Virginia statute permitted more liberal elements of recovery than the statutes of most jurisdictions but set a relatively conservative limit on the total amount recoverable.

The amendment by the 1968 General Assembly of Virginia changed the death by wrongful act in the following significant ways:

It provides that a jury may award such damages for solace as it may deem fair and just, limiting the recovery to $25,000, and may specify in what proportion the damages shall be distributed to the statutory beneficiaries;

It permits the personal representative of a decedent's estate to recover for actual funeral expenses not exceeding $500, and the actual hospital, medical and ambulance service expenses incurred by the decedent;

And, in addition, it provides that a jury may award such further damages, not exceeding $50,000, as shall equal the financial or pecuniary loss sustained by the dependents and shall specify in what proportion the damages shall be distributed to the dependents.

■ Counsel for the appellant contends that it was the intent of the General Assembly to permit a recovery by a dependent only if the decedent contributed financially to the dependent. He further argues in the instant case that the husband was not dependent upon the wife because he earned an ample salary to support himself, and that the daughter was not dependent on her mother because her father earned an ample salary to support her.

There are numerous authorities involving a construction of the words "dependent" and "pecuniary loss" as used in Unlawful Death Acts. See *Bohrman* v. *Pennsylvania Railroad Co.*, 23 N. J. Super. 399, 93 A. 2d 190 (1952); *Carianni* v. *Schwenker*, 38 N. J. Super. 350, 118 A. 2d 847 (1955); *Domijan* v. *Harp*, 340 S. W. 2d 728 (Mo. 1960); *Wadsworth* v. *Friend*, 201 So. 2d 641 (Fla. App. 1967); 22 Am. Jur. 2d *Death* § 29 at 628 (1965); Annot. 145 A. L. R. 1176 (1943); *Wrongful Death Damages in Virginia*, 12 Wm. & Mary L. Rev. 396 (1970).

However, the cases cited and prior decisions of this court involving Virginia's Act are not of substantial assistance here. As was pointed out in *Matthews* v. *Hicks, Adm'r.*, 197 Va. 112, 118-19, 87 S. E. 2d 629, 633 (1955), our statute, prior to the amendment under review, contained "no words of limitation confining the jury to merely pecuniary damages, which is the rule applied under the English statute, Lord Campbell's Act, and in most of the States . . . the provisions of the different statutes differ widely in respect to the persons entitled to maintain the action, the persons for whose benefit the action may be maintained, the time of bringing the action, the measure and elements of damages recoverable, and the distribution of the same".

It was well settled by a long line of Virginia decisions that damages could be awarded not only for pecuniary loss sustained by the statutory beneficiaries, but also for the loss of the decedent's care, attention and society as well as such sums as the jury may have deemed fair and just as solatium to the beneficiaries for their sorrow and mental anguish caused by the death. *Breeding, Adm'r v. Johnson*, 208 Va. 652, 159 S. E. 2d 836 (1968). Subject only to the statutory maximum the jury was given wide latitude in fixing damages. Evidence of the pecuniary loss sustained by the statutory beneficiaries was admissible on the quantum of damages, while evidence of the pecuniary condition of either the deceased or the beneficiaries was inadmissible. Evidence of the number and ages of the beneficiaries was admissible, while evidence of their physical and pecuniary con-

dition was inadmissible, except on the question of apportionment of damages. We held that the phrase "fair and just", as it related to the amount and distribution of damages, and the phrase "pecuniary loss", when used in an instruction in connection with what damages were recoverable, were to be given a liberal interpretation. *Gough* v. *Shaner, Adm'r*, 197 Va. 572, 90 S. E. 2d 171 (1955); *Eisenhower* v. *Jeter, Administratrix*, 205 Va. 159, 135 S. E. 2d 786 (1964).

In considering the most recent amendment to Code § 8-636 it is significant that in fixing damages for solace the jury is still permitted to award such sum as "may seem fair and just" within a maximum limit, and may direct how the amount shall be distributed among the statutory beneficiaries. Equally important are the limitations placed upon awards of damages in a death case. The recovery for funeral expenses is limited to a maximum of $500 and the recovery of medical bills is limited to actual expenditures. Recovery for any further damages is restricted to "dependents" who sustain a "financial or pecuniary loss" by reason of the death, and the statute mandates that this recovery shall be apportioned by the jury.

We think it clear that the dependency required by Virginia's unlawful death statute means an actual dependency. However, it does not necessarily have to be total. It may be partial. The dependents may be all or some of the same persons as those entitled to recover for solace, or entirely different persons.

The fact and degree of dependency must be established by proper evidence and determined by the jury. It will depend on the factual circumstances existing at the time of death. Partial dependency may exist even though a dependent could subsist without the contribution made by the deceased.

Turning now to the question of financial or pecuniary loss, it is noted that the General Assembly used both words, "financial" and "pecuniary". A person is financially or pecuniarily damaged by the death of another if such person would have been financially or pecuniarily benefitted by the continuing life of the decedent. Such benefits include monetary contributions made by a decedent to or for the benefit of a dependent and also services rendered a dependent that relate to and have monetary value.

In the instant case the uncontradicted evidence is that the decedent wife was gainfully employed at the time of her death and earned approximately $230 a month. This was a part of the family income. It was a financial contribution used for the partial maintenance and

support of husband, wife and child. There is no evidence of any dependent of the decedent other than her surviving husband and daughter. They were partially dependent on her, within the intendment of Code § 8-636, as amended, and entitled to recover for their financial loss by reason of her death.

In addition to decedent's financial contribution to the family income she cooked, washed, ironed, cleaned and took care of the house for her husband and child. These were services and benefits performed by the decedent and received by her dependent husband and child. They are benefits of a type and kind that have a pecuniary or monetary value, and they are benefits which the husband and daughter have lost by reason of her death. A witness testified that it would cost from $50 to $60 a week to employ and compensate someone to render these services to her dependents. This evidence was properly admitted to establish the pecuniary loss of the dependents by reason of the decedent's death. Their loss of her services, in the particulars proven, were pecuniary losses, and not recoverable as solace.

We find no objection to the instruction on damages that was granted by the court. It correctly set forth the law applicable to this case and was supported by credible and admissible evidence. The judgment of the trial court is

*Affirmed.*