# Richmond

SAMUEL HARDING PATTON, JR. v. EDMOND ALLEN ROSE, ADMINIS-TRATOR, ETC.

June 12, 1972.

Record No. 7833.

Present, I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Jack P. Chambers* (*Gillespie and Chambers*, on brief), for plaintiff in error.

*William T. Sturgill* (*L. Victor McFall*, on brief), for defendant in error.

Per Curiam.

Edmond Allen Rose, administrator of the estate of Jasper Rose, deceased, secured a judgment, based upon a jury verdict, in the sum of $19,500 against Samuel Harding Patton, Jr., for the wrongful death of the deceased. The verdict and judgment included an award of $15,000 for financial or pecuniary loss to the dependents of Jasper Rose. We granted a writ of error to review the question whether the evidence supported the award for financial or pecuniary loss.

Jasper Rose, prior to his death, had become totally disabled and was, therefore, unable to work at his previous occupation as a coal mine foreman. His wife was deceased. He supported his dependents, three teen-age children, with food stamps and a Veterans Administra-

tion pension. He had been approved for Social Security benefits, but had not received the first payment. After his death, the children received the Social Security and Veterans Administration benefits.

In *Pugh* v. *Yearout*, 212 Va. 591, 595, 186 S.E.2d 58, 62 (1972), we said, in dealing with a similar question:

> "A person is financially or pecuniarily damaged by the death of another if such person would have been financially or pecuniarily benefitted by the continuing life of the decedent. Such benefits include monetary contributions made by a decedent to or for the benefit of a dependent and also services rendered a dependent that relate to and have monetary value."

In this case, the dependents of Jasper Rose received after his death the same benefits to which he was entitled just before his death. There was no evidence of other monetary contributions or of services having monetary value that would have continued had he not died. He was totally unable to work. So there was no evidence the dependents would have benefitted financially or pecuniarily had he continued living. Under these circumstances, an award to compensate for financial or pecuniary loss was not justified.

Accordingly, we reverse the judgment of the trial court insofar as it awarded damages for financial or pecuniary loss and enter final judgment for the administrator in the reduced amount of $4,500.

*Reversed and final judgment.*