## Richmond

ELDRIDGE E. HALL, ADMINISTRATOR OF THE ESTATE OF DONNA SUE HALL, DECEASED V. RONALD LEWIS CARWILE AND JOHN DOE.

March 4, 1974.

Record No. 730351.

Present, All the Justices.

*Paul Whitehead*, for plaintiff in error.

*S. J. Thompson, Jr.* (*Caskie, Frost, Davidson, Hobbs & Hamblen*, on brief), for defendants in error.

Per Curiam.

Donna Sue Hall was killed on April 27, 1971, when the automobile in which she was riding in Campbell County left the highway, struck a mailbox and went through a fence into an adjoining field. This wrongful death action was instituted by her administrator against the operator of the automobile, Ronald Lewis Carwile, and John Doe. A jury trial resulted in a verdict for the administrator against Carwile in the sum of $15,000 on which judgment was entered. We granted the administrator a writ of error to determine whether the jury was properly instructed as to allowable damages.

At the time of her death Donna Sue Hall was 21 years of age and unmarried. She and her son, John Francis Hall, three years old at the time of trial, resided with her parents and her three younger brothers in her parents' home. She was employed by the General

Electric Company and, for the year preceding her death, had a gross income of $5,620, on which she supported herself and her son. Her parents were also employed by General Electric, and their gross joint annual income, including a disability benefit received by her father, was nearly $17,000.

The trial court, over objection, refused Instruction 1, proffered by counsel for the administrator, which would have permitted the jury to award damages for financial or pecuniary loss to the decedent's parents and minor brothers as well as to her son. Counsel for the administrator then tendered Instruction 1A, which was given by the court, permitting the jury to award damages for pecuniary loss only to the decedent's son. Under this instruction the jury awarded the decedent's administrator $2,500 for the son's sorrow, suffering and mental anguish, $12,000 for the son's pecuniary loss, and $500 for funeral expenses. The administrator moved to set aside the verdict on the ground that the trial court had erred in refusing Instruction 1, but the trial court overruled this motion.

We find no error in the rulings of the trial court. Code § 8-636, as amended (1971 Cum. Supp.), provides that in a wrongful death action the jury may award such damages, not exceeding $50,000, as shall equal the financial or pecuniary loss sustained by the dependent or dependents of the decedent. We have construed dependency, within the contemplation of the statute, to mean actual dependency, either total or partial. *Peters* v. *Shortt, Adm'x., etc.*, 214 Va. 399, 200 S.E.2d 547 (1973); *Pugh* v. *Yearout*, 212 Va. 591, 186 S.E.2d 58 (1972). And where the evidence shows no actual dependency, there may be no recovery for financial or pecuniary loss. *Denby* v. *Davis, Administrator*, 212 Va. 836, 841, 188 S.E.2d 226, 231 (1972).

Here, the evidence shows that on a modest income Donna Sue Hall was supporting herself and her son, was employing a babysitter, and was maintaining an automobile, which she planned to trade in for a later model. There is no evidence that she paid anything to her parents for room and board for herself or her child. She occasionally purchased groceries and furniture for the home, helped about the house, and contributed to the support of the family when her father was hospitalized at some time before the fatal accident. She bought clothes for one of her brothers, permitted him to use her automobile, and gave each of her brothers an indeterminate amount of spending money each week. But none of the evidence shows that the decedent's parents or brothers were even partially dependent upon her. Her parents had a joint income more than three times

that of Donna Sue. They were legally responsible for supporting their three minor children, and there is no evidence that they failed to discharge their obligation.

It is uncontroverted that Donna Sue's son was her dependent, but the evidence fails to show that anyone else was dependent upon her or that she made any more contributions to the family than would be expected of a daughter and sister living in the family home.

*Affirmed.*