## CIRCUIT COURT OF DICKENSON COUNTY

Darlene Anderson, Adm'x of the Estate
of James Michael Anderson, Deceased

     v.

Edward C. Fleming, Adm'r of the Estate
of Charles W. Wood, Jr., deceased, et al.

June 18, 1985

By JUDGE GLYN R. PHILLIPS

The Court is sustaining the demurrer filed on behalf of the defendants as the plaintiff cannot maintain both an action for personal injuries and in the alternative, an action for wrongful death under the law of this Commonwealth.

Virginia Code Section 8.01-25 provides as follows:

> If the cause of action asserted by the decedent in his lifetime was for a personal injury, and such decedent dies as a result of the injury complained of with a timely action for damages arising from such injury pending, the action shall be amended in accordance with the provisions of § 8.01-56.

Section 8.01-56 of the Virginia Wrongful Death Act contains the following action:

> When a person who has brought an action for personal injury dies pending the action, such action may be revived in the name of his personal representative. If death resulted from the injury for which the action was originally brought, a Motion for Judgment and other pleadings shall be amended so as to conform

to an action under Section 8.01-50 and the case proceeded with as if the action had been brought under such section. In such cases, however, there shall be but one recovery for the same injury.

In *Wilson* v. *Whitaker,* 207 Va. 1032 (1967), the Supreme Court of this Commonwealth had the following comment as to the exclusive nature of the wrongful death statute:

When a person is injured by the wrongful act of another and dies, the cause of action in the suit by his personal representative for death by wrongful act remains the same as that for his personal injuries. But the right of action for personal injuries does not survive the decedent. A new right of action is given decedent's personal representative only through the grace of legislative enactment. *Id.* at 1036.

In *Semler* v. *Psychiatric Institute of Washington, D.C.,* 575 F.2d 922 (D.C. Cir. 1978), the Fourth Circuit Court of Appeals had the following comment with reference to the Virginia Law on the issues involved herein:

Virginia, in contrast, provides only one exclusive right of action in Wrongful Death cases. . . . It is clear under Virginia Law that this statutory provision is intended to be the exclusive basis for recovery for a wrongful act, and it exists of an action based on the survival of the deceased's original claim . . . . It is the policy and the purpose of Virginia under the Act not to allow two actions in favor of personal representative, one representing the estate and the other the beneficiaries against the same defendant for the same wrong. Although Virginia does have a general Survival Statute, the statute does not apply to wrongful death claims, and hence the survival statute does not provide an additional basis for recovery for wrongful death. Indeed, the availability of the wrongful death remedy in

Virginia is predicated upon the non-availability of the survival remedy. *Id.* at 925-26.

In conclusion, this Court is of the opinion that only one cause of action may be maintained, that being under the Death by Wrongful Act (Virginia Code Section 8.01-50), the plaintiff herein being barred from pleading any other alternative, more specifically, an action for personal injuries, as an action for wrongful death and an action for personal injuries are two mutually exclusive theories of recovery. . . .

This Court concurs with the opinion of then Circuit Court Judge Marvin F. Cole, in *Orne, Adm'r* v. *John F. Kendrick, M.D.,* dated June 29, 1984, said trial Judge having since ascended to the Court of Appeals.