## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

June I. Poffenbarger, Executrix
of the Estate of
Philip Kee Poffenbarger, Sr., Deceased

v.

Nicolet, Inc., et al.

December 16, 1986

By JUDGE LESTER E. SCHLITZ

In this death by wrongful act case the court is called upon to rule whether a video tape showing a day in the life of the decedent is admissible in evidence for the purpose of showing the grief and anguish the decedent's wife endured during his illness and as evidence of mental anguish she continues to suffer because of the alleged horrible way she remembers his enduring illness.

The court must weigh the probative value of this video tape against any prejudicial affects a view of it will have on the jury even though they will be instructed that no award may be made to compensate for the decedent's pain and suffering. The question then that must be answered is can the jury divorce itself from these two areas of damage and award only those damages suffered by the wife to the exclusion of damages from pain and suffering of the decedent. This is a big jump to ask the jury to make, but it is not possible for the wife to show her mental anguish without describing the condition of the decedent prior to his death.

The court will try to balance this conflict in a manner which is equitable to all parties concerned.

At common law there was no recovery for death by wrongful act so plaintiff's right to recover is covered

by Virginia Code section 8.01-52, the relevant part of which states the following:

The jury or the court, as the case may be, in any such action under Section 8.01-50 may award such damages as to it may seem fair and just. The verdict or judgment of the court trying the case without a jury shall include, but may not be limited to, damages for the following:
 1. Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent;
 2. Compensation for reasonably expected loss of (i) income of the decedent and (ii) services, protection, care and assistance provided by the decedent;
 3. Expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death;
 4. Reasonable funeral expenses; and
 5. Punitive damages may be recovered for willful or wanton conduct, or such recklessness as evinces a conscious disregard for the safety of others.

In this action given by statute the plaintiff cannot recover for the physical pain and mental anguish of the decedent. The mental anguish of the beneficiaries may be increased by the mental and physical suffering of the decedent and they may recover damages therefor, but it is their mental anguish and not the physical pain and mental anguish of the decedent for which recovery is allowed. *Virginia Iron, Coal and Coke Co. v. Odles, Adm'r.,* 128 Va. 28 (1920); *Wilson v. Whitaker, Adm'r.,* 207 Va. 1032 (1967).
 Relevant evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or because it is misleading to the jury. It is, therefore, the court's opinion that the "day in the life" video tape offered by the plaintiff, while relevant to the plaintiff's damages, is so

prejudicial to the defendant that it should not be admitted into evidence. It is, however, the opinion of the court that still photographs showing the decedent's appearance at the beginning of his illness and shortly before his death are not so prejudicial that they cannot be admitted. This will aid the jury in determining what the beneficiaries endured during the decedent's illness.

Counsel for the defendant having prevailed chiefly on his motion to exclude the video tape will prepare a sketch order in accordance with this letter.