## CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Tebbs Estate

   v.

Kilgus Estate

July 5, 1989

By JUDGE JOSEPH E. SPRUILL, JR.

The defendant administrator has moved to strike those portions of the plaintiff's motion for judgment asking for punitive damages on the grounds that Virginia law does not allow an award of punitive damages when the tortfeasor is dead.

Counsel have cited *El Meswari v. Washington Gas Light*, 785 F.2d 483 (4th Cir. 1986); *Dalton v. Johnson*, 204 Va. 102 (1963); *Wilson v. Whittaker*, 207 Va. 1032 (1967); *Lipscombe v. Security Insurance*, 213 Va. 81 (1972); *Perry v. Melton*, 299 S.E.2d 8 (W. Va. 1982); and Virginia Code Sections 8.01-25 and 8.01-52.

Plaintiff urges the adoption of the minority view which allows punitive damages against a deceased tortfeasor. The plaintiff argues that to deny her the opportunity to prove facts necessary to support a punitive damage award is to unfairly keep essential evidence from the jury. The plaintiff further argues that Virginia Code Section 8.01-25 has no application in this instance. The plaintiff claims that to strike the motion for judgment as to punitive damages may result in a reversal by an appellate court which will require a new trial whereas to deny the motion to strike will not necessarily require a new trial in the event of reversal. Thus, judicial economy requires a denial of the motion, urges plaintiff.

There is some merit to plaintiff's position. It does not seem necessarily fair or logical that a plaintiff's compensation should be affected solely because the party

causing his injury is dead rather than alive. One could logically assume that whether or not the tortfeasor survives should have nothing to do with the compensation to which the party injured by the tortfeasor is entitled. Such reasoning, however, overlooks the purpose of punitive damages as stated by the Virginia Supreme Court. In *Dalton v. Johnson, supra,* it was held "since exemplary or punitive damages are awarded not by way of compensation to the sufferer but by way of punishment to the offender, such damages can only be awarded against one who has participated in the offense."

The law in Virginia seems to be clear. Section 8.01-25 provides that "punitive damages shall not be awarded after the death of the party liable for the injury." This Court does not find that Section 8.01-52 is necessarily in conflict with 8.01-25. Further, *Dalton v. Johnson* appears not to have been overruled or modified since it was decided in 1963. Therefore, the Court finds that punitive damages cannot be awarded in Virginia after the death of the tortfeasor.

Under the circumstances and pursuant to the law as understood by the Court, we deem it proper to grant the motion to strike the motion for judgment insofar as punitive damages are concerned.