PRESENT: Lemons, C.J., Goodwyn, Mims, McClanahan, Powell and Kelsey, JJ., and Russell, S.J.

PROPERTY DAMAGE SPECIALISTS, INC.

OPINION BY
v. Record No. 151214                    JUSTICE S. BERNARD GOODWYN
                                         September 8, 2016
AARON RECHICHAR


FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Dennis L. Hupp, Judge

In this appeal, we consider whether a court may award punitive damages as a form of "appropriate relief" pursuant to Code § 40.1-51.2:2.

BACKGROUND

On May 14, 2013, Aaron Rechichar (Rechichar) filed suit against Property Damage Specialists, Inc., d/b/a Paul Davis Restoration of Northwest Virginia (PDS), in the Circuit Court of Shenandoah County claiming retaliatory discharge in violation of Code § 40.1-51.2:1. Rechichar alleged that PDS, his employer, violated Code § 40.1-51.2:1 by terminating his employment in retaliation for his complaining to the Virginia Department of Labor and Industry, Occupational Safety and Health Compliance Program, about unsafe practices at PDS's facility. In addition to other remedies, Rechichar sought punitive damages.

Throughout the proceedings, PDS claimed that punitive damages could not be awarded as "appropriate relief" pursuant to Code § 40.1-51.2:2, the provision providing the remedies for violations of Code § 40.1-51.2:1. The court overruled PDS's demurrer and motions raising this issue and instructed the jury that it could award punitive damages.

The jury returned a verdict in favor of Rechichar and awarded him both compensatory and punitive damages. The circuit court entered judgment for Rechichar pursuant to the jury's verdict. PDS appeals.

ANALYSIS

PDS argues that Code § 40.1-51.2:2 does not allow punitive damages as a remedy for violations of Code § 40.1-51.2:1, so the circuit court erred in allowing the jury to consider punitive damages and in entering a judgment awarding punitive damages. Rechichar responds that Code § 40.1-51.2:2(B) allows for the award of punitive damages in this case as a form of "appropriate relief."

This appeal presents an issue of statutory interpretation, so we review the circuit court's decision de novo. *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007).

> When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

*Id.* at 104-05, 639 S.E.2d at 178 (citations omitted).

Code § 40.1-51.2:1 states, "No person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for themselves or others."

Code § 40.1-51.2:2 provides two ways in which an employee who has been terminated in such a retaliatory manner may seek redress.[*] Under Code § 40.1-51.2:2(A), the employee may

---

[*] Code § 40.1-51.2:2. Remedy for discrimination.

> A. Any employee who believes that he or she has been discharged or otherwise discriminated against by any person in violation of § 40.1-51.2:1 may, within 60 days after such violation occurs, file a complaint with the Commissioner alleging such discharge or discrimination. The employee shall be

file a complaint with the Commissioner of Labor and Industry (Commissioner), and if the Commissioner deems the complaint meritorious and cannot facilitate a voluntary agreement with the employer, the Commissioner may bring a civil action in circuit court. In such a case, "The court shall have jurisdiction, for cause shown, to restrain violations and order *appropriate relief, including rehiring or reinstatement of the employee to his former position with back pay plus interest at a rate not to exceed eight percent per annum*." (Emphasis added.) Alternatively, Code § 40.1-51.2:2(B) provides for a private right of action. It states, "Should the Commissioner, based on the results of his investigation of the complaint, refuse to issue a charge against the person that allegedly discriminated against the employee, the employee may bring action in a circuit court having jurisdiction over the person allegedly discriminating against the employee, for *appropriate relief*." (Emphasis added.)

Rechichar brought a private action to enforce his rights pursuant to Code § 40.1-51.2:1, so the question presented is whether the term "appropriate relief" in Code § 40.1-51.2:2(B) allows for the award of punitive damages. *See Miller v. SEVAMP, Inc.*, 234 Va. 462, 468, 362

---

prohibited from seeking relief under this section if he fails to file such complaint within the 60-day time period. Upon receipt of such complaint, the Commissioner shall cause such investigation to be made as he deems appropriate. If, upon such investigation, he determines that the provisions of § 40.1-51.2:1 have been violated, he shall attempt by conciliation to have the violation abated without economic loss to the employee. In the event a voluntary agreement cannot be obtained, the Commissioner shall bring an action in a circuit court having jurisdiction over the person charged with the violation. The court shall have jurisdiction, for cause shown, to restrain violations and order appropriate relief, including rehiring or reinstatement of the employee to his former position with back pay plus interest at a rate not to exceed eight percent per annum.

B. Should the Commissioner, based on the results of his investigation of the complaint, refuse to issue a charge against the person that allegedly discriminated against the employee, the employee may bring action in a circuit court having jurisdiction over the person allegedly discriminating against the employee, for appropriate relief.

3

S.E.2d 915, 918-19 (1987) (explaining that the General Assembly passed Code §§ 40.1-51.2:1 and 40.1-51.2:2 to create statutory claims for retaliatory discharge). The term "appropriate relief" is not expressly defined in Code § 40.1-51.2:2, and its plain meaning is unclear as to whether it includes punitive damages.

In *Wilson v. Whittaker,* 207 Va. 1032, 154 S.E.2d 124 (1967), we evaluated whether similar language in a statute providing for a wrongful death action allowed for the award of punitive damages. The issue before this Court was whether a statutory provision allowing a jury to award damages that "may seem fair and just" allowed for the award of punitive damages. *Id.* at 1035, 1038, 154 S.E.2d at 127, 129. We noted that the wrongful death statute created a statutory right of action to "compensate decedent's statutory beneficiaries for their loss. Its purpose was not to punish the wrongdoer . . . . If the General Assembly had intended that punitive damages might be recovered, it could have specifically provided for such damages as other states have done." *Id.* at 1038, 154 S.E.2d at 129. Given these considerations, we held that punitive damages were not included within damages that "may seem fair and just" in a wrongful death action. *Id.*

Similarly, we may discern the General Assembly's intended meaning of "appropriate relief" by determining the nature of the damages provided for in Code § 40.1-51.2:2. A prerequisite for receiving relief under Code § 40.1-51.2:2 is filing a complaint with the Commissioner. Upon receiving such complaint, the Commissioner is tasked with investigating the claim. If the Commissioner determines that the employee has been discriminated against as prohibited by Code § 40.1-51.2:1, the Commissioner shall attempt to have the violation abated "without economic loss to the employee." Code § 40.1-51.2:2(A).

Both subsection (A) and subsection (B) use the term "appropriate relief" when explaining the remedies an aggrieved employee may receive when he or she has been retaliated against by his or her employer for filing a health or safety complaint. "[W]hen a term is used in different sections of a statute, we give it the same meaning in each instance unless there is a clear indication the General Assembly intended a different meaning." *Eberhardt v. Fairfax Cnty. Emps.' Ret. Sys. Bd. of Trs.*, 283 Va. 190, 195, 721 S.E.2d 524, 526 (2012). Subsection (B) is silent as to the nature of the damages included within "appropriate relief," but the damages listed as included within "appropriate relief" in subsection (A) provide guidance as to the meaning of the term in both subsections (A) and (B).

After imposing upon the Commissioner the goal to "abate the violation without economic loss to the employee," first by attempted conciliation, and that failing, by proceeding with an action against the violator in circuit court, subsection (A) states that "appropriate relief" includes reinstatement of employment and back pay plus interest for the aggrieved employee. Consistent with the statute's preceding language, the listed relief concerns remedying economic injury sustained by the employee. We thus conclude that this indicates that the General Assembly's intention in subsection (A), and, in turn, subsection (B) was to allow for remedies that rectify an employee's economic loss.

The General Assembly has not specifically provided for punitive damages in Code § 40.1-51.2:2. In fact, the statute makes no mention whatsoever of punitive measures against the employer, as "appropriate relief" to the employee or otherwise. Allowing an award of punitive damages as "appropriate relief" pursuant to subsection (A) or (B) would be inconsistent with the General Assembly's intent, however, because the primary purpose of punitive damages is to punish a wrongdoer rather than to provide relief to the aggrieved party. *Banks v. Mario Indus. of*

5

*Virginia, Inc.,* 274 Va. 438, 460, 650 S.E.2d 687, 699 ("The purpose of punitive damages is not so much to compensate the plaintiff but to punish the wrongdoer and to warn others.") (citation and internal quotation marks omitted). Therefore, we hold that "appropriate relief" in Code § 40.1-51.2:2 does not include punitive damages.

CONCLUSION

For the reasons stated, we will reverse the judgment of the circuit court as to its award of punitive damages. We will enter final judgment in favor of Rechichar as to the remainder of the circuit court's award.

*Affirmed in part,*
*reversed in part,*
*and final judgment.*

6